UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELOUISE MOORE,

    Plaintiff,

v.                                               Case No. 1:10-CV-1072

HSBC MORTGAGE SERVICES INC.,          HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER

      Plaintiff, Elouise Moore, proceeding *pro se*, has filed a Complaint (named as Petition) against Defendant HSBC Mortgage Services, Inc., alleging a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*, as well as various state law claims. As the Court understands it, Plaintiff's claims arise out of Defendant's efforts to foreclose a mortgage on Plaintiff's residence located at 7611 Thrasher Lane, Kalamazoo Michigan. In addition to her Complaint, Plaintiff filed a document captioned "Petition For Temporary Injunction," which the Clerk has docketed as a Motion For Temporary Restraining Order. The Court construes Plaintiff's Petition as a Motion for Temporary Restraining Order and for Preliminary Injunction. In her Motion, Plaintiff states that "[t]he court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendant has already foreclosed on the property and has made it known that eviction is imminent." (Compl. at 24.) The Court will deny a temporary restraining order for the following reasons.

Before a court may issue a temporary restraining order without oral or written notice to the opposing party, the movant or her attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Sixth Circuit has held that it is error for a district court to issue a temporary restraining order without such a certification. *See Gen. Motors Corp. v. Buha*, 623 F.2d 445, 457-58 (6th Cir. 1980).

In this case, Plaintiff has not certified what efforts she has made to contact Defendant or its counsel, nor has Plaintiff attempted to show that notice is impossible because Defendant is unknown or cannot be located. In addition, Plaintiff has not filed a proof of service showing that she served her motion on Defendant. Plaintiff has thus failed to satisfy the requirements of Rule 65(b)(1)(B). *See U-Haul Int'l, Inc. v. Kresch*, No. 94-74341, 1994 WL 854091, at *2 (E.D. Mich. Oct. 28, 1994).

Apart from failing to comply with the requirements of Rule 65(b)(1)(B), Plaintiff has failed to show either a likelihood of success on the merits or that she will suffer irreparable ham. With regard to the first factor, likelihood of success, Plaintiff has filed a lengthy Complaint and Motion, but both documents contain few details about Plaintiff's claims. For instance, Plaintiff fails to allege when she entered into the loan with Defendant or when Defendant foreclosed on her property. Moreover, while Plaintiff alleges that Defendant committed fraud and engaged in other acts, she provides few or no details establishing fraud as to her specific transaction, thus, her allegations are largely conclusory. In addition, contrary to Plaintiff's allegations, the Court cannot determine with any degree of certainty that foreclosure is actually imminent. On the one hand, Plaintiff alleges that the foreclosure has occurred and Defendant has threatened that eviction is imminent, while on the other hand, Plaintiff suggests that the foreclosure sale has not occurred. If this is true, the six month redemption period has not even commenced. This uncertainty with the true state of the foreclosure

further weighs against injunctive relief without notice to Defendant. Although the Court denies a temporary restraining order, Plaintiff may request a hearing on her Motion for Preliminary Injunction after Defendant has been served with a summons, a copy of the Complaint, and the Motion.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Temporary Restraining Order (docket no. 3) is **DENIED**.

Date: November 3, 2010 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE