UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELOUISE MOORE,

       Plaintiff,                          Hon. Gordon J. Quist

v.                                               Case No. 1:10 CV 1072

HSBC MORTGAGE SERVICES, INC.,

       Defendant.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.  (Dkt. #10).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part** and Plaintiff's action **dismissed**.

### BACKGROUND

Plaintiff initiated this action on November 1, 2010, against HSBC Mortgage Services, Inc. (HSBC) alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, as well as various state law claims.  Plaintiff initiated the present action by filing a form complaint freely available on the internet.  *See*, *e.g.*, Basis for Complaint, *available at* http://www.scribd.com/doc/36849128/Basis-for-Complaint (last visited on June 17, 2011).  Numerous other Plaintiffs have filed identical complaints in other courts.  (Dkt. #10, Exhibit A).

Plaintiff alleges that her claims arise from the execution of "a consumer contract for the refinance of a primary residence."  Plaintiff alleges that as a part of this transaction Defendant "committed numerous acts of fraud. . .failed to make proper notices. . .[and] charged false fees."

Plaintiff fails, however, to articulate specific allegations regarding these claims, choosing instead to reiterate legal conclusions and advance irrelevant commentary. Plaintiff seeks injunctive relief as well as monetary damages in excess of three million dollars. Defendant subsequently moved to dismiss Plaintiff's claims on the ground that the allegations in Plaintiff's complaint fail to state a claim on which relief may be granted. (Dkt. #10). Defendant later supplemented its pleadings with certain documentary evidence. (Dkt. #14).

Where a defendant moves to dismiss a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), but also submits evidence outside the plaintiff's pleadings, the Court must either exclude such evidence or treat the motion as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Max Arnold & Sons, LLC v. W. L. Hailey & Co.*, 452 F.3d 494, 502-03 (6th Cir. 2006). The Court finds it appropriate to consider the additional evidence submitted by Defendant. However, because some of this additional evidence was not referenced in (or attached to) Plaintiff's complaint, the Court finds that it cannot consider this material without first converting Defendant's motion to a motion for summary judgment under Rule 56 and affording Plaintiff an opportunity to respond thereto. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008) ("[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein").

On August 11, 2011, the Court entered an Order converting Defendant's motion to dismiss to a motion for summary judgment. (Dkt. #15). Plaintiff was given an opportunity to "submit any affidavits, documents or other evidence in opposition to Defendant's motion." Plaintiff took advantage of this opportunity and supplemented her pleadings on August 25, 2011.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

In the causes of action section of her complaint, Plaintiff asserts numerous state law claims, but only one federal law claim. Plaintiff asserts that Defendant violated provisions of the Truth in Lending Act (TILA). The basis for this claim is difficult to discern, but Plaintiff appears to allege that Defendant violated TILA by "charg[ing] false fees" and "fail[ing] to make proper notices." Defendant asserts that it is entitled to relief on the ground that it was not involved in the mortgage transaction which forms the basis for Plaintiff's claims.

The federal Truth in Lending Act (TILA) seeks to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *MacDermid v. Discover Financial Services*, 488 F.3d 721, 733 (6th Cir. 2007) (quoting 15 U.S.C. § 1601(a)). Liability under TILA "arises when a creditor fails to make the required disclosures before consummation of the transaction." *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). While TILA was "designed in large part to protect consumers from unscrupulous creditors and inaccurate and unfair billing and credit card practices," it "was not created,

however, with the primary purpose of protecting the consumer from himself." *Streit v. Fireside Chrysler-Plymouth, Inc.*, 697 F.2d 193, 197 (7th Cir. 1983).

The mortgage and note in question were executed between Plaintiff and Crevecor Mortgage, Inc. on April 18, 2005. (Dkt. #14, Exhibits 1-2). Crevecor provided Plaintiff with a Federal Truth-in-Lending Disclosure Statement the very same day. (Dkt. #14, Exhibit 3). Plaintiff's mortgage was subsequently purchased by Defendant. (Dkt. #14, Exhibit 1).

Plaintiff's TILA claim fails for several reasons. First, Defendant was not a party to the original mortgage transaction. As such, Defendant had no duty to make any disclosures to Plaintiff regarding the terms of her credit arrangement with Crevecor. *See, e.g., Petroff-Kline*, 557 F.3d at 296 (recognizing that liability under TILA "arises when a *creditor* fails to make the required disclosures before consummation of the transaction") (emphasis added); *Hoffman v. IndyMac Bank FSB*, 2010 WL 3463641 at *5 (N.D. Calif., Aug. 31, 2010) ("TILA requires a *lender* to make certain disclosures at the time an offer of credit is extended") (emphasis added). The undersigned recommends, therefore, that Defendant is entitled to summary judgment.

Moreover, Defendants have submitted evidence that Crevecor did, in fact, provide Plaintiff with the required TILA disclosures. (Dkt. #14, Exhibit 3). As this exhibit reveals, Plaintiff signed a Federal Truth in Lending Disclosure Statement on April 18, 2005, "acknowledg[ing] receipt of a completed copy" of the required disclosures. *Id.* As is well recognized, "written acknowledgment of receipt" of the required TILA disclosures creates a "rebuttable presumption" that the required disclosures were made and delivered. *See, e.g.,* 15 U.S.C. § 1635(c); *Jobe v. Argent Mortgage Co., LLC*, 373 Fed. Appx. 260, 261-62 (3rd Cir., Apr. 2, 2010); *Peyton v. Option One Mortgage Corp.*, 2011 WL 3359601 at *3 (D. Hawai'i, Aug. 3, 2011). Plaintiff offers no evidence to overcome this

presumption. As other courts have recognized, "[t]he borrowers' self-serving denial of the receipt of the TILA documents [is] not enough to overcome this statutory presumption in light of the borrowers' written acknowledgment of a receipt of such disclosure." *Richardson v. American Equity Mortgage, Inc.*, 2011 WL 1485642 at *1 (E.D. Mich., Apr. 19, 2011). Accordingly, the undersigned recommends that Defendant is entitled to summary judgment.

Finally, Plaintiff's claim is barred by the statute of limitations. TILA provides that "any action under this section may be brought. . .within one year from the date of the occurrence of the violation." *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed. Appx. 627 (6th Cir., July 19, 2007) (quoting 15 U.S.C. § 1640(e)). Plaintiff's claim, initiated more than five years after the mortgage transaction in question, is untimely.

The Court recognizes that the TILA statute of limitations is subject to equitable tolling where fraudulent concealment is alleged. *See Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 840 (E.D. Mich. 2010). In such cases, the one year period of limitation "will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Id.* To establish entitlement to equitable tolling, Plaintiff must "allege and establish" the following: (1) Defendant concealed the conduct that constitutes the cause of action; (2) Defendant's concealment prevented Plaintiff from discovering the cause of action within the limitations period; and (3) until discovery, Plaintiff exercised due diligence in trying to find out about the cause of action. *Id.* at 840-41. Plaintiff has failed to allege, let alone establish, these various factors. The undersigned recommends, therefore, that equitable tolling is not appropriate in this instance and, furthermore, that Defendant is entitled to summary judgment on the ground that Plaintiff's TILA claim is untimely.

Aside from the TILA claim discussed above, Plaintiff asserts several state law claims. While the Court *could* retain jurisdiction over Plaintiff's state law claims, the undersigned recommends that these claims be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."[1]  Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (same).  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (dkt. #10), be **granted in part and denied in part**.  Specifically, the undersigned recommends that Defendant's motion for summary judgment be **granted** as to Plaintiff's TILA claim and that Plaintiff's state law claims be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file

---

[1] The Court notes that Plaintiff has not indicated the basis for subject matter jurisdiction in this case.  A review of her complaint reveals no indication that anything other than federal question jurisdiction is claimed or warranted.

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                          Respectfully submitted,

Date:  September 6, 2011                      /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge